AMBBOSE LANFEAR *v.* JAMES H. HARPER.

A notarial act of transfer of property by an executor, without the production of the *proces verbal* of the adjudication, cannot be received to prove title *per se*, or to show the order of court or a Sheriff's sale under it.

APPEAL from the District Court of the parish of St. Charles, *Burthe,* J.

*Henry St. Paul,* for plaintiff.   *A. G. Semmes,* for defendant and appellant.

MERRICK, C. J.  This is a petitory action.  The plaintiff is the claimant of a large tract of land, formerly known as "Les coteaux de France," on the line of the New Orleans, Opelousas and Great Western Railroad, embracing between six and seven thousand acres.  He claims title in virtue of the Toups and St. Armand confirmations, (referred to in the case of *Ranson* v. *Long* just decided,) alleged to have been conveyed to him by certain mesne conveyances, and also confirmed to him by Act of Congress of date the 18th August, 1856.  Private Acts, p. 29, chap. 158.

The defendant claims in virtue of a preëmption and settlement made in 1854, within the bayous Crocodile and Saut d'Ours.

Thus, the land in controversy is clearly within the confirmation to the children of *Paul Toups,* made in 1812, (American State paper, vol. 2, p. 524, No. 74,) and another confirmation to *Daspit St. Amand,* in 1816 (vol. 3 Am. St. papers, p. 225, No. 329.)

The Toups claim appears, as alleged by plaintiff in his petition and brief, to have been confirmed by Act of Congress of April 12, 1814, (vol. 3 Statutes at large, p. 121.)  The Daspit St. Amand claim, as alleged by plaintiff, was also confirmed by Act of Congress of May 11, 1820, (Stat. at large, vol. 3, p. 573.)

The defendant being manifestly within both of these confirmations, and having possessed for more than one year, contends that he has the right to compel the plaintiff to exhibit his titles, and in default of a perfect title, to be maintained in his possession.

The plaintiff produces the Act of Congress of 1856, and insists that the defendant being a possessor without title, cannot question this, the highest evidence of title.  The defendant replies : you rely also on the Toups and St. Amand confirmations, and if those conveyed title to the parties, as *you* assert in your petition and brief, then the Act of Congress of 1856 conveys none, for the Government of the United States, by confirming the Spanish grant, which contained a special location, vested the title in the *Toups'* heirs, and *St. Amand,* their vendee, he himself also holding a confirmation.

This reasoning, resting upon an estoppel arising from plaintiff's pleadings, appears to us to be conclusive, and the test is, could the United States have recovered by an action the land in controversy ?  We think it is clear it could not. It would have been repelled by the Spanish grant and the two confirmations of the United States.  *Lanfear* has acquired no greater rights.  And this is the view we have just taken in maintaining the plaintiff's right by prescription or usucaption in the case of *Ranson* v. *Long,* above referred to.  See also *Doe* v. *Eslava et al.,* 9 Howard, 446.

Thus the plaintiff is thrown back upon the St. Amand title, which he asserts to

LANFEAR<br>
<i>v.</i><br>
HARPER.

be valid, and which defendant now sets up as a defence to the action, as he is authorized to do under our law; for the defendant may protect himself by any outstanding title. This raises the question, whether the plaintiff has shown a transfer of the St. Amand title to himself. He produces, as a part of the claim of title, a notarial act of sale from *Lucius C. Duncan*, dative testamentary executor of *Francis M. Ward*, passed August 5, 1848, to *William Polk*. This act recites an order of sale of the Probate Court and a probate sale made by the Sheriff. The defendant excepted to the introduction of this instrument, and insisted that it was not evidence of the original order of sale, or that the sale had been made by virtue of any legal order or decree. This objection was not cured by the production of other proof.

It appears to us that this act ought not to have been received to prove title *per se*, or to show the order of the Probate Court, or a Sheriff's sale under it. The executor, *as such*, has no right to transfer property belonging to the succession which he administers. Hence, his notarial act can make no proof of the transfer of the property of the succession, without the production of the *proces verbal* of such sale. See case of *Ranson* v. *Long*, just decided. C. C., Art. 2601.

The plaintiff fails, therefore, in his claim of title, and it is unnecessary to consider whether or not the description in the act of sale can be made to cover the land in controversy.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and there be judgment as in case of a nonsuit, the plaintiff paying the costs of both courts.